UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                   :

**EDWARD PERSON**,

                            Plaintiff,

               – against –

**MULLIGAN SECURITY CORP.**, **BOB CONGLETON**, and **TOM COLLINS**,

                         Defendants.
------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

22-CV-2980 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the *pro se* plaintiff's motion to reconsider the Court's March 7, 2024 Memorandum Decision and Order granting the defendants' motion to dismiss. (ECF No. 34.) For the following reasons, the motion is denied.

## BACKGROUND

The Court assumes familiarity with the facts of this case. (*See* ECF Nos. 16, 34.) The plaintiff worked as a security guard for Mulligan Security Corporation. On May 19, 2022, he sued the defendants — his employer and supervisors — alleging that he is disabled and that the defendants discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.* (ECF No. 1.) On March 27, 2023, the Court granted the defendants' motion to dismiss the complaint, with leave to amend. (ECF No. 16.) On May 25, 2023, the plaintiff filed an amended complaint (ECF No. 20), which the defendants also moved to dismiss (ECF No. 21). The defendants argued that: (i) the plaintiff did not provide notice to the defendants of his disability, (ii) the plaintiff is not disabled under the ADA, and (iii) the

plaintiff's discrimination, retaliation, and hostile work environment claims should otherwise be dismissed under Federal Rule of Civil Procedure 12(b)(6). (*See* ECF No. 21-1.)

On March 5, 2023, the Court dismissed the action with prejudice. (ECF No. 34.) Although the Court determined that the plaintiff is disabled under the lenient standard set forth in the ADA (*id.* at 7–8), the plaintiff did not plead facts from which the Court could construe a viable claim of disparate treatment, failure to accommodate, or hostile work environment (*id.* at 9–13). The Court also dismissed all claims against the individual defendants on the separate ground that "individuals may not be held liable under [ ] the ADA." (*Id.* at 6–7 (quoting *Scelsi v. Habberstad Motorsport, Inc.*, No. 19-CV-4315, 2022 WL 580960, at *3 (E.D.N.Y. Feb. 24, 2022)).)

In seeking reconsideration, the plaintiff argues that Congleton was on notice of the plaintiff's disability, and that the Court could subpoena security footage showing that Congleton "plucked" the plaintiff on the head in August or September 2019. (ECF No. 36 at 1.) He also states that he is not a lawyer and did not know how to argue his claims in the complaint or amended complaint. (*See id.* at 3 ("How am I supposed to know when I am not a lawyer. I don't know how to work the issues that needs to be address. All I did was state the facts, exhibits, mention camera proof, a witness.").) Finally, the plaintiff points out that "there is no mention from the Court that Nixon Peabody was or wasn't liable for defamation of character." (*Id.* at 7.) Specifically, the plaintiff alleges that the defendants' law firm "damage[d] [his] reputation" and acted "unfair[ly]." (*Id.*)

The defendants respond that the plaintiff's motion is untimely and does not meet the high burden required to warrant reconsideration, and that he asserts a new claim for defamation against Nixon Peabody that he did not make in his amended complaint. (*See* ECF No. 37.)

**LEGAL STANDARD**

The standard for granting a motion for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

**DISCUSSION**

**I.   Timeliness**

Local Rule 6.3 requires a party to move for reconsideration within 14 days of the entry of judgment. The Court entered judgment on March 11, 2024, so the plaintiff's deadline to file a motion for reconsideration was March 25, 2024. The plaintiff did not file his motion until April 4, 2024. Accordingly, the motion is untimely. In any event, the plaintiff's motion is denied on the merits.

**II.     Reconsideration**

Motions for reconsideration may be brought pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.  For both rules, however, "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hinds Cnty, Miss. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010).

Here, the plaintiff asks the Court to reconsider "[his] claims" raised in the complaint and the amended complaint.  (ECF No 36 at 1.)  He states that he "submitted exhibits" demonstrating that he "had [a] conversation in [Congleton's] office explaining [his] ADA disability impairments." (*Id.*)  He also says that he is "trying to comprehend [how] [Congleton] put his hands on [the plaintiff] by plucking [him] in my head on the job and Mulligan is not liable for abusing [ ] its employee" (*id.* (cleaned up)), and suggests the Court subpoena video footage of this event (*id.*).

As the Court explained in the March 5, 2024 Order, individuals may not be held liable under the ADA.  *Scelsi*, 2022 WL 580960, at *3.  In other words, the plaintiff cannot bring an action against Bob Congleton and Tom Collins under the ADA.  Accordingly, the motion for reconsideration is denied as to the individual defendants.

Nor is reconsideration warranted as to Mulligan Security. As explained in the March 5, 2024 Order, the defendants' actions, while perhaps unkind, are not "extraordinarily severe," nor do they constitute a "series of incidents [ ] sufficiently continuous and concerted to have altered the conditions of [his] working environment." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d Cir. 2000); *Sakanovic v. Utica Nat'l*, No. 22-CV-359, 2023 WL 6122851, at *7 (N.D.N.Y. Sept. 19, 2023).  The plaintiff cites no additional facts, law or new evidence to support his contention that the Court should revisit its past decision.  Instead, by making the

same arguments he made in his opposition to the defendants' motion, the plaintiff is "relitigating old issues," which is not permitted on a motion for reconsideration. *See Wallen v. Teknavo Grp.*, No. 12-CV-6196, 2023 WL 5758994, at *3 (E.D.N.Y. Sept. 6, 2023); *Siino v. City of New York*, No. 14-CV-7217, 2021 WL 2223361, at *2 (E.D.N.Y. June 2, 2021).[1]

Accordingly, the plaintiff's motion is denied. *See Okongwu v. Cnty. of Erie*, No. 21-1025, 2022 WL 6585217, at *2 (2d Cir. Oct. 7, 2022) (affirming denial of *pro se* plaintiff's Rule 60(b) motion where *pro se* plaintiff "did not identify any new evidence," "failed to show that the (unidentified) evidence was admissible," and "did [not] establish that he had been justifiably ignorant of the new facts"); *Barrett v. Loc. 804 Union (IBT)*, No. 18-CV-2046, 2023 WL 4551686, at *6 (E.D.N.Y. July 14, 2023) (denying *pro se* plaintiff's reconsideration motion where plaintiff failed to identify any "new evidence" and "rehashe[d] arguments and grievances that he has already presented to the [c]ourt").

**III.    Defamation Claim**

The plaintiff also asks the Court to address his claim, raised for the first time in his opposition to the defendant's second motion to dismiss, that lawyers at Nixon Peabody wrote "that [the plaintiff] has a habit of wasting judicial resources" (ECF No. 36 at 7); the plaintiff asks the Court to "investigate" Nixon Peabody for "putting [the plaintiff] on blast" (ECF No. 26 at 10). The Court interprets this as a defamation claim.

---

[1] The plaintiff points out that he is not a lawyer and does not "know how to work the issues." In deciding the motion, the Court took into account that the plaintiff is not a lawyer, and for that reason, afforded him "special solicitude," "including liberal construction of papers, relaxation of the limitations on the amendment of pleadings, [and] leniency in the enforcement of other procedural rules." *Braithwaite v. Gaitman*, No. 22-CV-0974, 2022 WL 14059127, at *5 (E.D.N.Y. Oct. 24, 2022) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)). For example, after the Court dismissed his first complaint, it allowed the plaintiff to amend his complaint. And, in deciding the motion to dismiss, the Court evaluated his claims under the lenient standard afforded to *pro se* litigants, interpreting them "to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

A party may not raise new arguments or legal theories on a motion for reconsideration. *Salveson*, 663 F. App'x at 75–76 (2d Cir. 2016); *Siino*, 2021 WL 2223361, at *2; *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  Accordingly, to the extent the plaintiff asks the Court to reopen this case to evaluate his allegations against Nixon Peabody, the motion is denied.  *Christoforou v. Cadman Plaza N., Inc.*, No. 04-CV-8403, 2009 WL 723003, at *7 (S.D.N.Y. March 19, 2009) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999)); *see also Richard Feiner & Co. v. BMG Music Spain*, No. 01-CV-937, 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) (cleaned up) ("New arguments . . . are not to be considered [on a motion for reconsideration] unless there is some valid reason they could not have been previously advanced when the motion was originally argued.").

## CONCLUSION

For these reasons, the motion for reconsideration is denied.

Although the plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                    s/Ann M. Donnelly

                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
         May 10, 2024